Eugene J. Egan (State Bar No. 130108)
  *eje@manningllp.com*
Paul Hanna (State Bar No. 222012)
  *pxh@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSUELO ROMERO, | Case No. 2:15-cv-05940-MWF-JEM |
| Plaintiff, | **ORDER RE STIPULATED PROTECTIVE ORDER** |
| v. | |
| TARGET CORPORATION and DOES 1 TO 20, Inclusive, | |
| Defendant. | Complaint Filed:  April 23, 2015<br>Trial Date:  October 24, 2016 |

IT IS HEREBY ORDERED, by the undersigned Judge of the District Court of the Central District of California, under the terms of the stipulation executed by the attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.     This Order is meant to encompass all forms of disclosure which may contain  Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.)  For purposes of this Stipulated Protective Order Confidential Material is specifically

1  defined as follows:

2      -    *Team Member Handbook (Hourly);*

3      -    *Team Member Handbook (Executive);*

4      -    *Safety Training - New Team Member Orientation DVD;*

5      -    *Spill Clean-Up Training Card;*

6      -    *Basic Safeness - Managing Guest Incidents;*

7      -    *Basic Safeness Sales Floor Guide (Employee);*

8      -    *Basic Safeness Sales Floor Guide (Trainer).*

9      2.    The parties may designate any Confidential Material produced or filed

10  in this Lawsuit as confidential and subject to the terms of this Order by marking

11  such materials ("Confidential").  If any material has multiple pages, this designation

12  need only be placed on the first page of such material.  Any material designated as

13  "Confidential" shall not be disclosed to any person or entity except to the parties,

14  counsel for the respective parties, and expert witnesses assisting counsel in this

15  Lawsuit, and the Court.

16      3.    Any material designated as confidential pursuant to paragraph 2 above

17  shall be used solely for the purposes of this Lawsuit and for no other purpose.

18      4.    Prior to disclosure of any Confidential Material, each person to whom

19  disclosure is to be made shall execute a written "Confidentiality Agreement" (in the

20  form attached hereto) consenting to be bound by the terms of this Order.  The

21  parties, counsel for the respective parties (including legal assistants and other

22  personnel) and the Court are deemed to be bound by this Order and are not required

23  to execute a Confidentiality Agreement.

24      5.    Only counsel of record in this Lawsuit shall be permitted to disseminate

25  Confidential Material.  Upon dissemination of any Confidential Material, each non-

26  designating counsel of record in this Lawsuit shall maintain a written record as to:

27  (1) the identity of any person given Confidential Material, and (2) the identity of the

28  Confidential Material so disseminated (such as by "Bates stamp" number).  Such

1   record shall be made available to the designating party upon request.

2       6.      If additional persons become parties to this Lawsuit, they shall not have

3   access to any Confidential Material until they execute and file with the Court their

4   written agreement to be bound by the terms of this Order.

5       7.      In the event that any question is asked at a deposition that calls for the

6   disclosure of Confidential Material, the witness shall answer such question (unless

7   otherwise instructed not to do so on grounds of privilege) provided that the only

8   persons in attendance at the deposition are persons who are qualified to receive such

9   information pursuant to this Order.  Deposition testimony may be designated as

10  confidential following the testimony having been given provided that:  (1) such

11  testimony is identified and designated on the record at the deposition, or (2) non-

12  designating counsel is notified of the designation in writing within thirty days after

13  receipt by the designating party of the respective deposition transcript.  All

14  deposition transcripts in their entirety shall be treated in the interim as

15  "Confidential" pursuant to paragraph 2 above.  When Confidential Material is

16  incorporated in a deposition transcript, the party designating such information

17  confidential shall make arrangements with the court reporter not to disclose any

18  information except in accordance with the terms of this Order.

19      8.      If a deponent refuses to execute a Confidentiality Agreement,

20  disclosure of Confidential Material during the deposition shall not constitute a

21  waiver of confidentiality. Under such circumstances, the witness shall sign the

22  original deposition transcript in the presence of the court reporter and no copy of the

23  transcript or exhibits shall be given to the deponent.

24      9.      With respect to any communications to the Court, including any

25  pleadings, motions or other papers, all documents containing Confidential Material

26  shall be communicated to the Court in a sealed envelope or other appropriate sealed

27  container on which shall be written the caption of  this Lawsuit, an indication of the

28  nature of the contents of the sealed envelope or container, and the words

"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."  All communications shall indicate clearly which portions are designated to be "Confidential."  Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment.)

10.     The Clerk of the Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal.  All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."

11.     If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.     If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested.  The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information.  Information that is subject to a dispute as to whether it  is properly designated shall be treated as designated in accordance with

4

**ORDER RE STIPULATED PROTECTIVE ORDER**

1  the provisions of this Order until the Court issues a ruling.

2        13.    Inadvertent failure to designate any material "Confidential" shall not

3  constitute a waiver of an otherwise valid claim of confidentiality pursuant to this

4  Order, so long as a claim of confidentiality is asserted within fifteen days after

5  discovery of the inadvertent failure.  At such time, arrangements shall be made by

6  the parties to designate the material "Confidential" in accordance with this Order.

7        14.    This Order shall be without prejudice to the right of any party to oppose

8  production of any information or object to its admissibility into evidence.

9        15.    When any counsel of record in this Lawsuit or any attorney who has

10  executed a Confidentiality Agreement becomes aware of any violation of this Order,

11  or of facts constituting good cause to believe that a violation of this Order may have

12  occurred, such attorney shall report that there may have been a violation of this

13  Order to the Court and all counsel of record.

14        16.    Within thirty days after the termination of this Lawsuit (whether by

15  dismissal of final judgment), all Confidential Material (including all copies) shall be

16  returned to counsel for the designating party.  In addition, counsel returning such

17  material shall execute an affidavit verifying that all Confidential Material produced

18  to such counsel and any subsequently made copies are being returned in their

19  entirety pursuant to the terms of this Order.  Such a representation fully

20  contemplates that returning counsel has:  (1) contacted all persons to whom that

21  counsel disseminated Confidential Material, and (2) confirmed that all such material

22  has been returned to disseminating counsel.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

17.    After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of  its provisions.

IT IS ORDERED:

DATED:   November 18, 2015

_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE
JUDGE